PER CURIAM.
The defendant surety on a subcontractor’s performance bond appeals from a final judgment in favor of the general contractor, plaintiff below, who upon default of the subcontractor exercised the right under the contract to complete the work. Included in the judgment is an item of $1,573.-16 for interest.
The appellant surety contends: (1) That the judgment is erroneous because it was a condition of the performance bond that the plaintiff (general contractor) retain 15% of the agreed price for the work contemplated by the subcontract; that prior to default plaintiff paid the subcontractor $108,014.72 on account of the agreed contract price of $119,216.00, which was also the penal amount of the bond, and after default, without notice to or consent of the surety, paid an additional sum of $17,728.47 to a third party on account of an obligation incurred by the subcontractor incident to the work and that consequently the total amount paid to or for the subcontractor’s account exceeded 85% of the subcontract price, thus demonstrating that the contractor did not retain 15% of the subcontract price as provided by the subcontract and thereby breaching a material condition of the bond on which appellant’s liability depended. (2) That the judgment is erroneous because changes were made in the subcontract, reducing the contract price from $119,216.00 to $117,283.90, but were not agreed to in writing between plaintiff and the subcontractor as required by the contract. (3) That the court erred in computing the interest item included in the final judgment in that the correct amount is $1,437.15 instead of $1,573.16; and appellee concedes that the judgment is in error to that extent.
We have carefully reviewed the record on appeal and find that except with respect to said computation of interest the appellant has failed to demonstrate error. Accordingly, it is ordered that upon plaintiff entering a remittitur for the difference between the amount of interest stated in the *923 final judgment and the correct amount thereof as hereinabove indicated, the judgment appealed be and it is affirmed.
ANDREWS, Acting C. J., WALDEN, J., and STURGIS, WALLACE E., Associate Judge, concur.